UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/07
```

| | |
|---|---|
| This Document Relates To:<br><br>In re REFCO, INC. SECURITIES LITIGATION | § § § § § § § § § 05 Civ. 8626 (GEL) |
| AMERICAN FINANCIAL INTERNATIONAL GROUP- ASIA, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>Defendants. | § § § § § § § § § § § § 05 Civ. 8988 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>Defendants. | § § § § § § § § § § § 05 Civ. 9608 (GEL) |

[Caption continued on next page]

## DEPOSITION PROTOCOL ORDER

| | |
|---|---|
| In re REFCO CAPITAL MARKETS, LTD. BROKERAGE CUSTOMER SECURITIES LITIGATION | 06 Civ. 643 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al., Plaintiffs, vs. MAYER BROWN ROWE & MAW LLP, et al., Defendants. | 07 Civ. 6767 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al., Plaintiffs, vs. GRANT THORNTON LLP, Defendants. | 07 Civ. 8663 (GEL) |
| AXIS REINSURANCE COMPANY, Plaintiffs, vs. PHILLIP R. BENNETT, et al., Defendants. | 07 Civ. 7924 (GEL) |

[Caption continued on next page]

| | |
|---|---|
| In re REFCO, INC. | 07 Civ. 9420 (GEL) |
| VR GLOBAL PARTNERS, L.P., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PHILLIP R. BENNETT, et al., <br><br> Defendants. | 07 Civ. 8686 (GEL) |
| CAPITAL MANAGEMENT SELECT FUND LTD., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PHILLIP R. BENNETT, et al., <br><br> Defendants. | 07 Civ. 8688 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust, <br><br> Plaintiffs, <br><br> vs. <br><br> THOMAS H. LEE PARTNERS, L.P., et al., <br><br> Defendants. | 07 Civ. 7074 (GEL) |

[Caption continued on next page]

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of the Refco Private Action Trust,<br><br>                              Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>                              Defendants. | §<br>§<br>§<br>§  07 Civ. 8165 (GEL)<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust,<br><br>                              Plaintiffs,<br><br>vs.<br><br>THOMAS HACKL, et al.,<br><br>                              Defendants. | §<br>§<br>§<br>§  07 Civ. 9238 (GEL)<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

This Deposition Protocol Order shall govern all oral depositions of fact witnesses, except as specifically provided herein, taken in the following cases: (a) the consolidated securities class action, *In re Refco, Inc. Securities Litigation*, No. 05 Civ. 8626 (S.D.N.Y) (the "*Securities Class Action*"); (b) *American Financial International Group-Asia, L.L.C. v. Refco, Inc. et. al.*, No. 05 Civ. 8988 (S.D.N.Y) (the "*AFG Action*"); (c) *Thomas H. Lee Equity Fund V, L.P. et al., v. Bennett et al.*, No. 05 Civ. 9608 (S.D.N.Y) (the "*THL/Bennett Action*"); (d) *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*, No. 06 Civ. 643 (S.D.N.Y) (the "*Customer Class Action*"); (e) *Thomas H. Lee Equity Fund V, L.P. et al., v. Mayer, Brown, Rowe & Maw L.L.P.*, No. 07 Civ. 6767 (S.D.N.Y) (the "*THL/MB Action*"); (f) *Thomas H. Lee Equity Fund V, L.P. et al., v. Grant Thornton, LLP*, No. 07 Civ. 8663 (S.D.N.Y) (the "*THL/GT Action*"); (g) *Axis Reinsurance Co. v. Bennett et al.*, 07 Civ. 7924 and 07 Civ. 9420 (S.D.N.Y) (the "*Axis Action*"); (h) *VR Global Partners v. Bennett, et al.*, 07 Civ. 8686 (S.D.N.Y) (the "*VR Action*"); (i) *Capital Management v. Bennett, et al.*, 07 Civ. 8688 (S.D.N.Y) (the "CAP Action"); (j) *Kirschner v. Thomas H. Lee Partners, L.P. et al.*, 07 Civ. 7074 (S.D.N.Y) (the "*Kirschner/THL Action*"); (k) *Kirschner v. Bennett et al.*, No. 07 Civ. 8165 (S.D.N.Y) (the "*Kirschner/Bennett Action*"); (l) *Kirschner v. Hackl, et al.*, No. 07 Civ. 9238 (S.D.N.Y) (the "*Kirschner/Hackl Action*"); (m) *Kirschner v. Grant Thornton LLP et al.*, No. 07 Civ. 5306 (N.D. Ill.) (the "*Illinois Action*") (collectively, the "Refco-Related Actions"); (n) actions consolidated into or coordinated with the Refco-Related Actions; and (o) other actions whose parties voluntarily participate in the oral depositions of fact witnesses provided for in this Order.

## I.   PARTIES SUBJECT TO THE DEPOSITION PROTOCOL

This Order will govern the parties listed below, all consolidated or coordinated parties, and parties added to this litigation after the date of this Order. The identification of a party to the

1

Deposition Protocol Order is without prejudice to the issue of whether the PSLRA or any other stay applies to that party, and is without prejudice to any defense that may be asserted by such party, including, without limitation, defenses based on or covered by Rules 8(c)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), or 12(b)(6) of the Federal Rules of Civil Procedure or their state law equivalents or any arbitration rights that may be asserted by such party.

### A. Plaintiffs

1. Those named at ¶¶ 17-19 of the Second Amended Consolidated Class Action Complaint in the *Securities Class Action* (the *"Securities Class Action* Plaintiffs");

2. Those named at ¶ 13 of the Consolidated Amended Class Action Complaint in the Customer Class Action (the "Customer Class Action Plaintiffs") and any amendments thereto;

3. Those named at ¶¶ 28-30 of the Amended Class Action Complaint in the *AFG Action* (the "AFG Plaintiffs");

4. Those named at ¶¶ 31-33 of the Complaint in the *CAP Action* ("CAP Plaintiffs");

5. Those named at ¶ 49 of the Complaint in the *VR Action* ("VR Plaintiffs");

6. Marc S. Kirschner (the "Trustee"), as Trustee of the Refco Litigation Trust and Private Actions Trust, in the *Kirschner/THL Action*, *Kirschner/Bennett Action*, *Kirschner/Hackl Action*, and the *Illinois Action* (collectively, the "Trustee Actions"), whose participation is subject to and without prejudice to the Trustee's motions to remand certain cases to state court; and

7. Named plaintiffs in actions consolidated or coordinated with any of the Refco-Related Actions;

8. Any plaintiffs who have commenced litigation in any state court who have not been consolidated into or coordinated with the Refco-Related Actions and who either agree or are otherwise compelled to conduct their deposition discovery in concert with the Refco-Related Actions.

B. **Bennett Entity Defendants**

1. Refco Group Holdings, Inc., and the Phillip R. Bennett Three Year Annuity Trust as defined in the Second Amended Consolidated Class Action Complaint in the *Securities Class Action* at ¶¶ 31-32.

C. **Refco Officer and Employee Defendants**

1. Phillip R. Bennett, Gerald M. Sherer, William M. Sexton, Santo C. Maggio, Joseph J. Murphy, Phillip Silverman, Dennis Klejna, Robert Trosten, and Tone Grant.

D. **The Fund Defendants**

1. Liberty Corner Capital Strategies and William T. Pigott, as defined in the Complaint in the *Illinois Action* at ¶ 50;

2. EMF Financial Products, LLC, Eric M. Flanagan and Delta Flyer, as defined in the Complaint in the *Illinois Action* at ¶ 51;

3. Ingram Micro, Inc., as defined in the Complaint in the *Illinois Action* at ¶ 52;

4. Beckenham Trading Co., Inc. and Andrew Krieger, as defined in the Complaint in the *Illinois Action* at ¶ 53; and,

    5.    Coast Asset Management, LLC and Christopher Petitt, as defined in the Complaint in the *Illinois Action* at ¶ 54.

E.    **BAWAG Defendants**

    1.    BAWAG as defined in the First Amended Consolidated Class Action Complaint in the *Securities Class Action* at ¶¶ 72-77;

    2.    Thomas Hackl as defined in the Complaint in the *Kirschner/Hackl Action* at ¶ 23;

    3.    Clarnet Properties S.A. as defined in the Complaint in the *Kirschner/Hackl Action* at ¶ 24;

    4.    Acies Asset Management S.A. as defined in the Complaint in the *Kirschner/Hackl Action* at ¶ 25; and,

    5.    W.P.M. S.A. as defined in the Complaint in the *Kirschner/Hackl Action* at ¶ 26.

F.    **Audit Committee Defendants**

    1.    The Audit Committee Defendants as defined in the Second Amended Consolidated Class Action Complaint in the *Securities Class Action* at ¶¶ 43-45.

G.    **THL Parties**

    1.    The THL Parties as defined in the Second Amended Consolidated Class Action Complaint in the *Securities Class Action* at ¶¶ 47-53, in the Complaint in the *Kirschner/THL Action* at ¶¶ 13-15, in the Complaint in the *THL/MB Action* at ¶¶ 45-47, in the Complaint in the *THL/GT Action* at ¶¶ 14-16, and in the Complaint in the *THL/Bennett Action* at ¶¶ 12-14.

**H.     The Professional Defendants**

    1.   Mayer Brown LLP, including Joseph Collins, as defined in the Complaint in the Kirschner/Bennett Action at ¶ 13 and in the Complaint in the *Illinois Action* at ¶ 41.

    2.   Mayer Brown International LLP, a limited liability partnership incorporated in England and Wales

    3.   Grant Thornton LLP as defined in the Second Amended Consolidated Class Action Complaint in the *Securities Class Action* at ¶ 55, in the Complaint in the Kirschner/Bennett Action at ¶ 14, and in the Complaint in the *Illinois Action* at ¶ 42.

    4.   Ernst & Young U.S. LLP ("E&Y") as defined in the Complaint in the Kirschner/Bennett Action at ¶ 15 and in the Complaint in the *Illinois Action* at ¶ 43, whose participation is without prejudice to any rights to arbitration.

    5.   PricewaterhouseCooopers LLP ("PwC") as defined in the Complaint in the *Illinois Action* at ¶ 44.

**I.     The Underwriter Defendants**

    1.   The Underwriter Defendants as defined in the Second Amended Consolidated Class Action Complaint in the Securities Class Action at ¶¶ 59-73, and in the Complaint in the Illinois Action at ¶¶ 45-47

**J.     The Insurance Carrier Parties**

    1.   Those named at ¶ 16 of the Complaint in the Axis Action ("Axis Plaintiffs").

## II. TIME PERIOD FOR DEPOSITIONS

Depositions will begin on January 15, 2008, and end on November 30, 2008, on the basis of only one deposition per deponent, including parties and non-parties. If the documents of the Refco Debtors and their affiliates in the possession of the Trustee (the "Refco Documents") are relevant to either the examination or defense of a deponent, the deposition shall not be scheduled less than 30 days after the production of the Refco Documents is substantially complete.

The Fund Defendants and their parents, subsidiaries, affiliates, directors, officers, agents, employees, former employees, representatives, successors or assigns shall not be deposed until, at the earliest, 60 days after the Judicial Panel on Multidistrict Litigation enters its decision on whether to transfer the Illinois Action to the United States District Court for the Southern District of New York.

Each of the Fund Defendants, E&Y, and PwC shall have the right to receive documents previously produced by any party in any action subject to this Order, and such documents shall be produced within seven business days of the making of a written request by those defendants. Upon the lifting of the litigation stay currently in place in the *Axis Action*, or upon application to the Court for good cause shown, the Insurance Carrier Parties shall have the right to receive documents previously produced by any party in any action subject to this Order, and such documents shall be produced within seven business days of the making of a written request by the Insurance Carrier Parties.

## III. DEPOSITION LIMITATIONS

    A.    There shall be 100 total depositions. Any party to this Deposition Protocol may seek additional deposition time from the Court for good cause shown.

- **B.** Total questioning at each deposition shall presumptively last no more than two days, subject to the following exceptions: (i) Plaintiffs, collectively and Defendants (defined as those persons/entities identified in Section I.B-I.I), collectively, shall each have the right to designate 10 depositions which can last more than two days, and (ii) all parties retain the right to ask the Court for relief from this provision, for good cause shown.[1]

- **C.** Only one deposition shall be taken on any one day, subject to consensual adjustment by the scheduling committees (as defined in Section V) or by the Court at a future date. With respect to any deposition noticed under Rule 30(b)(6), the party producing the witness in response to such a notice shall, no later than five business days prior to the deposition date, advise the other parties of the identity of the witness. In the event that the deposing party believes that such 30(b)(6) witness should be subject to examination in a second deposition, the deposing party shall so inform the producing party prior to the commencement of the Rule 30(b)(6) deposition, and the parties shall confer in good faith. Nothing in this Protocol shall determine whether such a witness may, or may not, be deposed more than once.

## IV. ALLOCATION OF DEPOSITION TIME

The allocation of deposition time for any witness shall be agreed to by the scheduling committees. In the event the scheduling committees are unable to resolve a disagreement regarding the allocation of time for a particular witness, the issue will be presented to the Court for resolution. Nothing in this paragraph shall preclude any party from applying to Judge Lynch for relief from or a modification of a decision of the scheduling committees applicable to that party's witnesses. The parties reserve their rights to seek an overall allocation of deposition time at a later date.

## V. SCHEDULING OF DEPOSITIONS

Plaintiffs and defendants will each create a scheduling committee of no more than seven members to oversee the selection and scheduling of all depositions. Every two weeks, the committees will exchange the names of persons that each proposes for deposition and the amount

---

[1] Subject to Section IX.E of this Order, the Insurance Carrier Parties in the *Axis Action* may seek leave of this Court to lift the stay in that action, on an as-needed basis, to permit the Insurance Carrier Parties to participate in specific depositions noticed by another party to this Order.

of time that such side anticipates it will need for the witness. Within five days thereafter, each scheduling committee will notify the other of the amount of deposition time needed for the deponents nominated by the other committee. The committees will contact counsel for the witness (or the witness if counsel has not been identified) to arrange a date for the deposition at least 30 days but not more than 60 days thereafter.

The scheduling committees will confer and schedule all foreign-based discovery for parties and non-parties. All parties understand that flexibility will be necessary to schedule the depositions of witnesses located outside the United States. All foreign-based depositions must be completed within the time period set forth in Section II, and the limitations specified in Sections II and III shall apply to all depositions of witnesses located outside the United States.

The Master Deposition Schedule shall be updated with all changes made as soon as scheduled, and posted to a website. The Master Deposition Schedule shall set forth the deponent's name, affiliation, location of and anticipated length (number of days) of the deposition, the initial examiner, whether it will be videotaped, and, to the extent possible, the identity of other examining counsel and the time allocation for each examiner. Plaintiffs and defendants will each appoint a representative to share responsibility for posting the Master Deposition Schedule as it is agreed upon and all changes made.

## VI.     NOTICING OF DEPOSITIONS

### A.     Timing

In lieu of the notice provisions of the Federal Rules of Civil Procedure, the parties shall provide deposition notices through the Master Deposition Schedule.

Depositions for which notices were served prior to November 16, 2007 shall be exempted from the notice requirement herein.

### B. Rule on Postponements for Depositions

Once a deposition has been posted on the Master Schedule, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the scheduling committees, or by leave of Court for good cause. Postponements will be posted on the Master Deposition Schedule as soon as possible.

### VII. PREDESIGNATION OF GENERAL CONTENT AND DOCUMENTS

Not later than four business days before a deposition all parties intending to examine a deponent may (1) serve via website a non-binding description of the documents (by Bates number) that counsel anticipates using or referring to during the deposition, and (2) upload to a file transfer protocol ("FTP") site images in an electronic format of each document that counsel anticipates using or referring to in the deposition in accordance with the protocol attached hereto as Exhibit A (the "FTP Protocol").

Nothing herein shall prevent any party from using any document of its choosing at a deposition or require it to disclose in advance any document it intends to use at a deposition, provided that any counsel who does not predesignate documents brings sufficient paper copies of such documents to the deposition so that all counsel present may have a copy.

A set of core documents, including relevant SEC filings, bankruptcy-examiner reports and other documents, will be agreed upon by the scheduling committees, marked for identification purposes, maintained in .pdf format by the court-reporter service and made available on request on DVD at each deposition site.

## VIII. NUMBERING OF DEPOSITION EXHIBITS

Each document marked for identification at the depositions shall be numbered with a new exhibit number. The scheduling committees will circulate a master exhibit list periodically to all counsel.

Exhibit numbers will be assigned by the court-reporter service sequentially regardless of what party introduces the exhibit. To the extent possible, numbering of exhibits at each successive deposition will pick up where the numbering at the preceding deposition ended.

Counsel will make their best efforts to use the previously marked exhibit number in subsequent depositions.

The index of exhibits annexed to each deposition transcript shall contain the document-production (Bates) number, the number for each exhibit marked for identification at the deposition, and each exhibit referred to in the deposition.

The deposition reporter shall be responsible for ensuring that the original of all deposition transcripts, including exhibits, is placed on a website.

## IX. CONDUCT OF DEPOSITIONS

### A. Daily Schedule

A deposition day shall presumptively consist of a maximum of seven hours of testimony. Unless otherwise agreed, depositions shall presumptively start at 9:00 am. Where necessary to avoid returning on a subsequent day, the parties and the deponent shall attempt to complete the deposition by extending the adjournment for up to one hour, or longer upon agreement.

### B. Holidays

No depositions may be scheduled on the dates of in-person Court hearings, or on national or religious holidays. For the purposes of this protocol such holidays are: the two-week period

beginning on the Monday before Christmas, Martin Luther King's Birthday, President's Day, Good Friday and Easter Monday, Passover (2 days), Memorial Day, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur (2 days), Columbus Day, Veterans Day, and Thanksgiving (Wednesday, Thursday and Friday).

### C.    Conduct of Counsel at Depositions

Counsel recognizes that the magnitude and complexity of this litigation require that all parties use every effort to strictly adhere to the established rules of evidence and procedure. Consequently, all counsel shall refrain from making speaking objections, which are designed to suggest an answer to the witness or delay the deposition.

The objection of one counsel to a question need not be repeated by another counsel to preserve that objection on behalf of such other counsel. Any objection to the form of a question shall be deemed to have been made (a) on behalf of all other parties, and (b) on all grounds for a form objection. The only objections permitted during the depositions will be to the form of a question or to the responsiveness of an answer, and, regardless of the provisions in Fed. R. Civ. P. 32(d) (3), no other objection is waived by failure to assert it during the deposition. Objections shall be stated precisely. "Objection, Form" or "Objection, Responsiveness" will be sufficient.

Nothing shall preclude counsel from seeking a protective order from the Court where counsel has a reasonable, good-faith belief that the witness is being questioned on wholly irrelevant matters or in an otherwise abusive manner. In that event, counsel shall cooperate in deferring answers to these questions until later in the deposition to permit counsel to contact the Court.

Counsel shall not instruct witnesses not to answer questions, except to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule

30(d)(4). There will be no conferences between deponents and their counsel when a question is pending except for the purpose of determining whether a privilege or claim of confidentiality should be asserted. If a privilege is claimed, the witness will nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as, the date of the communication, who made the statement, who was present other than counsel, and others to whom the communication was made known.

### D.   Deposition Questionnaire

To the extent possible, each deponent will complete a background questionnaire, to be agreed on by counsel, which will be posted to the FTP site at least two business days before the start of the deposition. In lieu of the questionnaire the deponent may provide an updated copy of his or her Curriculum Vitae. The questionnaire or CV will be attached to the deposition transcript as record testimony. At the start of the deposition, the witness may be asked to review the questionnaire or CV to confirm that it is accurate.

### E.   Completion and Reopening of Depositions

Except by unanimous agreement of the scheduling committees and consent of the relevant party or non-party or, where there is no agreement or consent, upon court order for good cause, the deposition of any witness shall be taken only once.

### F.   Length of Depositions

The court-reporter service shall maintain a total running time for actual deposition testimony to record how much time is taken in each deposition by each party.

### G.   Remote-Access Protocol

At the outset of the deposition, on the record, all counsel, both at the site and by remote access, shall identify themselves and whom they represent. Only those present on-site shall be

permitted to examine the deponent. In the rare event that counsel participating by remote access believes that an objection not already made must be made on the record, counsel shall identify himself or herself, the party represented, and state the objection precisely.

### H.   Place of Depositions

Depositions will be held in New York City (unless otherwise agreed to by the scheduling committees), except for depositions of foreign parties, which reserve their position to present their witnesses abroad. If a non-party deponent resides in a location outside of the metropolitan area in which the deposition is held, the parties participating in the examination of the deponent will pay the reasonable travel and living expenses of the deponent incurred to attend the deposition. If the non-party deponent is unwilling to travel, the location of the deposition will be set in accordance with Fed. R. Civ. P. 45. The parties will make a good-faith effort to have all current and former employees voluntarily appear for depositions in New York City (except for foreign-based parties).

### I.   Notice of Intent to Attend a Deposition

For planning purposes, not fewer than seven days before the deposition date, parties intending to attend the deposition shall notify the respective scheduling committees, which will post a list of the number of expected attendees from each party on the website within four days of the deposition. For scheduling and security purposes, parties will supply the respective scheduling committees with a master list (updated as necessary) of the names of lawyers, staff, consultants, and other attendees for each deposition site.

### J.   Court Reporters

The scheduling committees will contract for court-reporting and video services to cover the deposition sites in New York City. The court-reporting and video services will also provide

remote access, secure real-time video streaming and LiveNote, as well as speaker-phone capability (to be used for conferences with the Court) for all depositions, and maintain one set of Core Documents. The court-reporting service will transcribe all conference calls with the Court from the deposition site as part of the deposition transcript for that day.

## X.    COSTS

The parties will enter into a cost-sharing agreement. Such agreement shall include a provision that any party dismissed from any action subject to this Order, as a result of settlement or otherwise, shall no longer have any cost-sharing obligations.

## XI.    STANDARD STIPULATION

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. The witness shall have 30 days from the day of receipt within which to review, make any correction, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.
>
> If the witness is not represented by counsel the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.
>
> The court reporter will deposit the original transcript on a website. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

## XII. REPORTS TO THE COURT

Once depositions begin, the scheduling committees will collectively report to the Court on a periodic basis in writing, and during a hearing, as to the progress of the deposition process. The first written report will be filed by *April 30*, 2008, and a hearing scheduled as soon thereafter at the Court's convenience.

The parties - believing that professionalism, civility and discretion will be exercised, thus greatly reducing the need for repeated rulings - request that the Court resolve all disputes concerning discovery taken under this protocol. In the event that discovery disputes arise during depositions that require Court intervention, the parties will contact the Court. If the Court is unavailable, the deposition will continue as to matters not in dispute.

## XIII. CONFIDENTIALITY PROVISIONS

A confidentiality order governing the use of documents at and testimony taken at all depositions will be submitted to the Court.

All references in this Deposition Protocol Order to the "Court" (including those at Sections II, III, VI.B, IX.B, IX.C, IX.E, IX.J, and XII) refer only to the United States District Court for the Southern District of New York and any disputes concerning discovery taken under this protocol shall be decided solely by the United States District Court for the Southern District of New York.

## XIV. OTHER ISSUES

All parties listed in § I, supra, agree that this deposition protocol, and the fact that the parties may enter into a confidentiality agreement and electronic service agreement governing the Refco-Related Actions, will not be used by any party to argue that any of the claims asserted in the above-referenced actions are preempted pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"). Nothing in this paragraph will preclude any party from asserting that

- 15 -

any of the claims in the above-referenced actions are preempted by SLUSA on any other grounds.

This Deposition Protocol Order may be modified by the unanimous agreement of the scheduling committees or by Court order for good cause shown.

SO ORDERED this 10th day of December, 2007.

_____
GERARD E. LYNCH
UNITED STATES DISTRICT JUDGE